UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME FARIAS-VALDOVINES,

Petitioner,

v.

M. WOFFORD, et al.,

Respondents.

No.  1:26-cv-04146-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT

(Doc. No. 1)

On May 30, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 2.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 1.)  On June 10, 2026, the court related and reassigned this case to the undersigned and set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.)

On June 11, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.)  In that opposition, respondents fail to address any of the cases cited in the court's June 10, 2026 order, which the court construes in accordance with its order as a concession that those cases are not substantively distinguishable from this one. (*Id.*; *see also*

1

Doc. No. 7 at 2.)  Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 8 at 1–3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

The court's June 10, 2026 order directed respondents, if they opposed the court ruling on the underlying petition based upon the briefing currently before it, to so indicate and provide substantive reasons in support of respondents' position in this regard in their opposition.  (Doc. No. 7 at 2.)  Respondents did not state any opposition to this court ruling on the underlying petition on the current briefing in their opposition.  (Doc. No. 8.)  Accordingly, the court will resolve the merits of the underlying petition in this order.

Based upon a review of the briefing, the court finds the following facts.  In March 1993, petitioner entered the United States without inspection.  (Doc. No. 2 at 2.)  On February 28, 2025, petitioner was detained by immigration authorities and on April 28, 2025, was released on conditional parole.  (*Id.*)  On September 8, 2025, petitioner was re-detained by immigration authorities.  (*Id.* at 1–2.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which, as noted above, the court has already rejected.  Respondents state that petitioner has had "encounters with law enforcement." [1]  (Doc. No. 8 at 1.)  However,

---

[1] The court also notes, but does not rely on, the fact that all of petitioner's purported encounters with law enforcement occurred prior to petitioner's initial detention where respondents implicitly determined that petitioner does not pose a danger to the community or flight risk such that continued detention was required.  *See S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 627456, at *3 (E.D. Cal. Mar. 5, 2026) (finding that the immigration judge abused their discretion in finding that the petitioner posed a danger or flight risk by clear and convincing evidence where there was no change in circumstances from the petitioner's initial release to his re-detention), *report and recommendation adopted in part, rejected in part*, 2026 WL 836327 (E.D. Cal. Mar. 26, 2026).

respondents do not explain how these purported encounters compel a different result than that reached in *Ayala Cajina*. *Ayala Cajina*, 2025 WL 3251083, at *1. Moreover, respondents do not identify an alternative statutory basis that would justify immigration detention on this basis. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 2) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Jaime Farias-Valdovines, A-File No. 208-560-754, from respondents' custody on the conditions, if any, he was subject to prior to his detention on September 8, 2025;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 1) is hereby DENIED as having been rendered moot by this order granting his petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3